UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. SAMUEL GOODELL,

    Petitioner,

                                  CASE NO. 15-11455
v.                                  HONORABLE ARTHUR J. TARNOW

JOE BARRETT,

    Respondent.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING THE HABEAS PETITION,
DENYING THE REQUEST FOR SERVICE BY U.S. MARSHAL,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner D. Samuel Goodell, a state prisoner at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges the Michigan Parole Board's decision not to release Petitioner on parole. Because Petitioner has not exhausted any state remedies for his claims and still has an available remedy to exhaust, the petition will be dismissed without prejudice.

**I. Background**

Petitioner alleges that, in February of 2006, a jury found him guilty of assault with intent to do great bodily harm less than murder, *see* Mich. Comp.

*Goodell v. Barrett*, No. 15-11455

Laws § 750.84, and carrying a weapon with unlawful intent, *see* Mich. Comp. Laws § 750.226.  Petitioner was sentenced to eight years, four months to twenty years in prison for the assault conviction and six to ten years in prison for the weapon offense.

Petitioner alleges that the Michigan Department of Corrections subsequently classified him as being a low risk for violence and recidivism and that his parole eligibility score was in the high-probability-of-parole category.  Nevertheless, in 2012 and in 2014, a two-member panel of the Michigan Parole Board departed from the parole guideline score and declined to release Petitioner on parole.  In 2012, the panel stated that its reason for departing from the parole guidelines was that Petitioner needed additional programming to gain insight into his violent behavior and that he remained a risk to the community.  In 2014, the panel stated that Petitioner continued to think like a criminal and that he was still a major threat to the community.

Petitioner claims that he has finished serving his ten-year maximum sentence for carrying a weapon with unlawful intent, but that he continues to serve his sentence for the assault conviction.  His grounds for habeas relief are:  (1) the Parole Board's decision was so irrational as to be arbitrary, capricious, and

*Goodell v. Barrett*, No. 15-11455

oppressive; (2) the Parole Board violated his First Amendment rights by denying parole because he exercised his right to freedom of speech and to maintain his innocence; and (3) the Parole Board violated his equal protection rights by treating him differently than another prisoner in similar circumstances. Petitioner seeks a declaratory judgment stating that (1) the Parole Board violated his rights to due process of law, freedom of speech, and equal protection of the law and (2) under Michigan's parole scheme, prisoners who score in the high-probability-of-parole category have a protected liberty interest in parole.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-47 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir. 2012).

> This exhaustion requirement, long settled, *see Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), serves important federalism interests by permitting state courts the first opportunity to correct alleged violations of their prisoner's rights, *see Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed.2d 438 (1971). "[B]cause of the important federal-state comity concerns served by the exhaustion doctrine, a state prisoner is required to present the state courts with the same claim, or a claim 'substantially equivalent' to the claim, urged upon the federal courts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011) (quoting *Picard*, 404 U.S. at 275–78, 92 S.Ct. 509). "Otherwise, the state courts are not given the opportunity

*Goodell v. Barrett*, No. 15-11455

to apply the controlling legal principles to the facts bearing on the constitutional claim." *Id.*

*King v. Berghuis*, 744 F.3d 961, 964 (6th Cir.), *cert. denied*, 135 S. Ct. 142 (2014). To be properly exhausted, a prisoner must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. Thus, a prisoner must present the factual and legal basis for each claim to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner concedes that he has not exhausted any state remedies for his claims, but he contends that he does not have an available state remedy to exhaust. While it is true that prisoners have no right to appeal a Parole Board's decision to deny parole, *In re parole of Hill*, 298 Mich. App. 404, 411; 827 N.W.2d 407, 412 (2012), in appropriate circumstances, a prisoner may challenge the decision of the Parole Board by filing a state complaint for the writ of habeas corpus or an action for mandamus. *Morales v. Michigan Parole Bd.*, 260 Mich. App. 29, 40-41; 676 N.W.2d 221, 229-30 (2003). Petitioner admittedly has not taken advantage of either one of these options.

*Goodell v. Barrett*, No. 15-11455

### III. Conclusion

Petitioner has failed to exhaust any state remedies for his claims, and he has an available state remedy to exhaust. Accordingly, the petition for writ of habeas corpus (ECF No. 1) is dismissed without prejudice, and the request for service by the United States Marshal (ECF No. 2) is denied as moot.

### IV. Denial of a Certificate of Appealability and Denial of Leave to Proceed *In Forma Pauperis* on Appeal

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*Goodell v. Barrett*, No. 15-11455

Reasonable jurists would not find the Court's procedural ruling debatable. Furthermore, Petitioner has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and he has no liberty interest in parole under state law, *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Thus, reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right. For these reasons, the Court declines to issue a certificate of appealability.

Finally, an appeal from this decision could not be taken in good faith. The Court therefore denies leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

                        S/Arthur J. Tarnow
                        Arthur J. Tarnow
                        Senior United States District Judge

Dated: June 29, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 29, 2015, by electronic and/or ordinary mail.

                        S/Catherine A. Pickles
                        Judicial Assistant